UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------
PAUL WHITE,

                Plaintiff,

              v.

ALBERT ABNEY, ELLA ABNEY, TEODOCIA SANTOS, SANDRA SCHMIDT, JOHN CLINE RESERVOIR I LLC, JOHN CLINE RESERVOIR II LLC, JOHN CLINE RESERVOIR III LLC, JOHN CLINE RESERVOIR IV LLC, JOHN CLINE RESERVOIR V LLC, JOHN CLINE RESERVOIR VI LLC, JOHN CLINE RESERVOIR VII LLC, JOHN CLINE RESERVOIR VIII LLC, JOHN CLINE RESERVOIR IX LLC, and JOHN DOES 1–20,

                Defendants.

------------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
17-CV-4286 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Paul White, proceeding *pro se* and currently incarcerated at Five Points Correctional Facility, commenced the above-captioned action on July 19, 2017, alleging, *inter alia*, civil claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), civil conspiracy, false arrest, false imprisonment, malicious prosecution, tortious interference with a business relationship, and fraud. (*See generally* Compl., Docket Entry No. 1.)[1]  The Court grants

---

[1] On July 19, 2017, Plaintiff filed his Complaint with the Court and paid the $400 filing fee. (Compl.)  The Court issued summonses and, with the use of a process server, Plaintiff served all Defendants except Albert and Ella Abney.  By letter dated March 26, 2018, Plaintiff requested permission to proceed *in forma pauperis* in order to have the United States Marshal Service serve the remaining Defendants.  On April 20, 2018, Magistrate Judge Ramon E. Reyes directed Plaintiff to re-file his Complaint, which was missing several pages. (Order dated. Apr. 20, 2018, Docket Entry No. 20.)  On May 4, 2018, Plaintiff re-filed the Complaint. (Compl., Docket Entry No. 21).  The Complaint filed on May 4, 2018 is the operative Complaint.

Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 for the purpose of this Memorandum and Order. For the reasons discussed below, the Court dismisses the Complaint but grants Plaintiff leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

**I. Background**

After a jury trial in the New York State Supreme Court, Nassau County, Plaintiff was convicted of grand larceny and a scheme to defraud, sentenced to twenty-one to sixty-three years in prison, and ordered to pay almost $3 million in restitution. *See Spota v. White*, 48 N.Y.S.3d 268 (N.Y. Sup. Ct. 2016); *see also* (Compl. ¶ 365). The 256-page Complaint contains allegations concerning the role Defendants played in Plaintiff's criminal prosecution. (*See generally* Compl.).

Plaintiff asserts that Defendants conspired "to commit an unlawful act of having . . . Plaintiff arrested and unjustly convicted."[2] (*See id*. ¶¶ 369, 375, 381.) In support of his claim, Plaintiff alleges that Defendants provided false testimony during the grand jury proceedings and trial in his criminal case. (*See, e.g.*, *id*. ¶ 364.) Plaintiff contends that as a result of Defendants' actions, he has lost his "professional license to practice real estate," his notary public license, his good credit rating, and has been deprived of his right to continue the development of property located "on Delight Road, Lawndale, North Carolina." (*Id*. ¶¶ 1(N), 384.).

Plaintiff asserts that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff alleges that he is a New York resident and that all Defendants are out-of-state residents. (*See* Compl. ¶ 1.) In addition, Plaintiff seeks to invoke the Court's federal

---

[2] Plaintiff states that he was convicted of "grand larceny" and "scheme to defraud" in the first degree. (*Id*. ¶ 365.)

question jurisdiction by attempting to plead claims pursuant to RICO and 42 U.S.C. §§ 1983 and 1985. Plaintiff seeks monetary damages in excess of $614 million.

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

Moreover, even if a plaintiff pays the Court's filing fee, a district court may dismiss the case, *sua sponte*, if it determines that the court lacks subject matter jurisdiction, or the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff

has paid the required filing fee."); *see also Hawkins–El III v. AIG Federal Savings Bank,* 334 F. App'x 394, 395 (2d Cir. 2009) (affirming district court's *sua sponte* dismissal of a fee-paid frivolous complaint).

### b. The Court lacks diversity jurisdiction

Although Plaintiff invokes the Court's diversity jurisdiction, complete diversity is lacking.

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). The statutory provisions for federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.

Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims when the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). For a federal court to exercise subject matter jurisdiction based on diversity, there must be complete diversity of citizenship between all plaintiffs and all defendants. *Bartlett v. Honeywell Int'l Inc.*, 737 F. App'x 543, 547 (2d Cir. 2018) ("Diversity jurisdiction is present when there is complete diversity between the parties . . . ." (citing 28 U.S.C. § 1332(a))); *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants."). In order for a court to have jurisdiction, diversity of citizenship need only exist at the time the action is commenced. *Dukes ex rel. Dukes v. N.Y.C. Emps.' Ret. Sys., & Bd. of*

*Trustees*, 581 F. App'x 81, 82 (2d Cir. 2014) (first citing 28 U.S.C. § 1332(a); and then citing *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)). The party asserting diversity jurisdiction bears the burden of proving that it exists by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)).

"For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische*, 692 F.3d at 48 (citing 28 U.S.C. § 1332(c)(1)); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (holding that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities"); *Carbotrade S.p.A. v. Bureau Veritas*, 99 F.3d 86, 91 n.2 (2d Cir. 1996) ("In actuality, a corporation does not have domicile but instead has citizenship." (citation omitted)). A limited liability company "takes the citizenship of each of its members." *Bayerische*, 692 F.3d at 49; *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) ("In general, the citizenship of a limited liability company is determined by the citizenship of each of its members.").

In contrast, "a party's citizenship depends on his domicile." *Davis v. Cannick*, 691 F. App'x 673, 673 (2d Cir. 2017) (citing *Linardos*, 157 F.3d at 948). Domicile is originally acquired at birth, *Linardos*, 157 F.3d at 948 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)), and is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the *intention* of returning," *d'Amico Dry Ltd. v. Primera Mar. (Hellas) Ltd.*, 886 F.3d 216, 226 n.8 (2d Cir. 2018) (quoting *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)). Consequently, residence alone is not determinative of domicile or citizenship. *See Caren v. Collins*, 689 F. App'x 75, 75

5

(2d Cir. 2017) ("Although the individual plaintiff and the individual defendants are alleged to be residents of certain States, such an allegation is insufficient to plead citizenship." (citations omitted)); *New Canaan Capital Mgmt., LLC v. Ozado Partners LLC*, No. 16-CV-1395, 2017 WL 1157153, at *4 (S.D.N.Y. Mar. 25, 2017) ("Domicile is not synonymous with residence; a party can reside in one place and be domiciled in another.") (quoting *Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009)). Moreover, "one may have more than one residence in different parts of this country or the world, but a person may have only one domicile." *Reich v. Lopez*, 858 F.3d 55, 63 (2d Cir. 2017) (quoting *United States v. Venturella*, 391 F.3d 120, 125 (2d Cir. 2004)), *cert. denied*, 138 S. Ct. 282 (2017).

The Court lacks diversity jurisdiction because both Plaintiff and Santos are domiciled in New York. Based on Plaintiff's New York address and his claim of New York residency, (Compl. 2), it appears that he is a resident of New York, and there is no indication in the Complaint that he is domiciled elsewhere. In addition, although Plaintiff alleges in the Complaint that Santos is domiciled in Las Vegas, Nevada, the returned summons indicates that Santos is a resident of Bellport, New York. (Summons Returned 3, Docket Entry No. 7.) The Court therefore lacks diversity jurisdiction. *See* 28 U.S.C. § 1332; *Pa. Pub. Sch. Emps.' Ret. Sys.*, 772 F.3d at 117–18 (stating that jurisdiction based on 28 U.S.C. § 1332 requires "'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants" (citation omitted)); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("The complaint alleged that [the plaintiff] and the defendant resided in New York, thereby precluding diversity jurisdiction.").

Moreover, because Plaintiff alleges that Santos is the managing member of Defendant John Cline Reservoir II LLC, the Court also lacks diversity jurisdiction because Defendant John

6

Cline Reservoir II LLC takes Santos' citizenship, and therefore is a citizen of New York. *See Bayerische*, 692 F.3d at 49 ("[A] limited liability company . . . takes the citizenship of each of its members.").

### c. The Court lacks federal question jurisdiction

The Court construes Plaintiff's allegations as asserting claims under RICO, section 1983 for false arrest, false imprisonment, and malicious prosecution, as well as civil conspiracy under sections 1983 and 1985.

Federal question jurisdiction provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). "A plaintiff properly invokes section 1331 jurisdiction when she pleads a colorable claim 'arising under' the Federal Constitution or laws." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

#### i. Plaintiff fails to state a RICO claim

While Plaintiff attempts to invoke RICO as a source of federal jurisdiction, the attempt is "patently without merit" because Plaintiff does not allege any facts to support a RICO claim.

To establish a RICO claim, a plaintiff must plead "'(1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity,' as well as 'injury to business or property as a result of the RICO violation.'" *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013) (quoting *Anatian v. Coutts Bank (Switz.) Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999)); *see also Williams v. Affinion Grp., LLC*, 889 F.3d 116, 123–24 (2d Cir. 2018) ("To sustain a RICO claim under 18 U.S.C. § 1962(c), a plaintiff must show '(1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an

7

"enterprise" (7) the activities of which affect interstate or foreign commerce.'" (quoting *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983))).

Plaintiff only makes conclusory allegations that Defendants "through a pattern of racketeering activity" caused Plaintiff harm. (Compl. ¶ 721.) These conclusory allegations are insufficient to state a RICO claim. *Jackson v. Cty. of Rockland*, 450 F. App'x 15, 19 (2d Cir. 2011) (dismissing the plaintiff's conspiracy claim under RICO because it was based on conclusory, vague, and general allegations).

### ii. Plaintiff fails to state section 1983 claims

In addition, to the extent Plaintiff attempts to raise claims pursuant to section 1983, those claims are similarly without merit because he does not allege that any of the Defendants acted under color of state law.

Under section 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). To establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law."[3] *Vega v. Hempstead*

---

[3] A private individual can be found to have acted under the color of law if the private actor "is a willful participant in joint activity with the State or its agents." *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (citations omitted); *see also Amid v. Chase*, 720 F. App'x 6, 11 (2d Cir. 2017) ("A plaintiff can demonstrate that a private [actor] . . . act[ed] under color of state law . . . by demonstrating that the State compelled the [actor's] conduct . . . by demonstrating that there is a sufficiently close nexus between the State and the [actor's] conduct" . . . or (3) by demonstrating that the [actor's] conduct consisted of activity that has traditionally been the exclusive prerogative of the State . . . (citations and internal quotation marks omitted)); *Hogan v. A.O. Fox Memorial Hosp.*, 346 F. App'x 627, 628 (2d Cir. 2009) (same). "It is not enough, however, for a plaintiff to plead state involvement in 'some activity of

*Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted); *see also Williams v. Long Beach Mortg. Co.*, No. 15-CV-5952, 2016 WL 5720810, at *8 (S.D.N.Y. Sept. 30, 2016) (finding the court lacked subject matter jurisdiction because the plaintiff's section 1983 claims were "patently meritless"), *aff'd*, 709 F. App'x 92 (2d Cir. 2018). In addition, Plaintiff has not alleged sufficient factual allegations in support of his false arrest / imprisonment or his malicious prosecution claim.

### 1. False arrest

In addressing a section 1983 claim for false arrest, courts look to "the law of the state in which the arrest occurred" to determine if the officers had probable cause to arrest the plaintiff for a violation of state law. *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006); *see also Ackerson v. City of White Plains*, 702 F.3d 15, 19–21 (2d Cir. 2012) (analyzing whether the plaintiff's actions gave a police officer probable cause to arrest the plaintiff for violating state law). To establish a section 1983 claim for false arrest under New York law, the plaintiff must adduce evidence that (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement

---

the institution alleged to have inflicted injury upon a plaintiff'; rather, the plaintiff must allege that the state was involved 'with the activity that caused the injury' giving rise to the action." *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 258 (2d Cir. 2008) (emphasis and citations omitted). In order to satisfy the joint activity requirement, there needs to be something more than an allegation that the private party supplied information, even false information, to the police. *See Stewart v. Victoria's Secret Stores, LLC*, 851 F. Supp. 2d 442, 446 (E.D.N.Y. 2012) ("A private party supplying information or seeking police assistance 'does not become a state actor . . . unless the police officers were improperly influenced or controlled by the private party.'" (alteration in original) (citations omitted)); *Baez v. JetBlue Airways*, 745 F. Supp. 2d 214, 221 (E.D.N.Y. 2010) (holding that one incident of providing false information was not sufficient to make a private party an actor under the color of law); *Castro v. Cty. of Nassau*, 739 F. Supp. 2d 153, 173 (E.D.N.Y. 2010) ("[T]he provision of information to or summoning of police officers, even if that information is false or results in the officers taking affirmative action, is not sufficient to constitute joint action with state actors for purposes of § 1983.").

was not otherwise privileged. *Berg v. Kelly*, 897 F.3d 99, 106 (2d Cir. 2018) (citing *Jocks v. Tavernier*, 316 F.3d 128, 135 (2d Cir. 2003)).

A law enforcement official violates the Fourth Amendment's protections if he or she arrests someone without probable cause. *Id.* Conversely, "probable cause is an absolute defense to a false arrest claim." *Stansbury v. Wertman*, 721 F.3d 84, 89 (2d Cir. 2013) (quoting *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 139 (2d Cir. 2010)). "A police officer has probable cause for an arrest when he has 'knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime . . . .'" *Swartz v. Insogna*, 704 F.3d 105, 111 (2d Cir. 2013) (quoting *Weyant*, 101 F.3d at 852); *see also Gonzalez*, 728 F.3d at 155.

Plaintiff alleges that Defendants "utter[ed]" and "furnish[ed] . . . misrepresentations of existing fact" to the grand jury and "initiated the prosecution against [the plaintiff] based upon false information." (Compl. ¶ 580.) However, Plaintiff's conviction "necessarily establishes probable cause for both the arrest and the ensuing prosecution." *See Corsini v. Brodsky*, 731 F. App'x 15, 18 (2d Cir. 2018); *see also Cameron v. Fogarty*, 806 F.2d 380, 388–89 (2d Cir. 1986) (holding that conviction establishes probable cause for arrest).

### 2. Malicious prosecution

Under New York law, the elements of a malicious prosecution claim are "(1) the initiation or continuation of a criminal proceeding against plaintiff, (2) termination of the proceeding in plaintiff's favor, (3) lack of probable cause for commencing the proceeding, and (4) actual malice as a motivation for defendant's actions." *Willey v. Kirkpatrick*, 801 F.3d 51, 70 (2d Cir. 2015) (internal quotation marks omitted) (quoting *Manganiello v. City of New York,* 612 F.3d 149, 161 (2d Cir. 2010)); *see Bermudez v. City of New York*, 790 F.3d 368, 377 (2d Cir.

2015) (stating the elements of a malicious prosecution claim under New York law); *Cameron v. City of New York*, 598 F.3d 50, 63 (2d Cir. 2010) (same). In a claim for malicious prosecution under section 1983, "the plaintiff must also show 'that there was . . . a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights.'" *Higginbotham v. City of New York*, 105 F. Supp. 3d 369, 375 (S.D.N.Y. 2015) (quoting *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000)).

"An acquittal is the most obvious example of a favorable termination." *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995). Absent an acquittal, the favorable termination element of a malicious prosecution claim requires plaintiff to demonstrate "that the underlying criminal proceeding ended in a manner that affirmatively indicates his innocence." *Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018). Because Plaintiff was convicted after trial, he fails to allege that the underlying criminal proceeding terminated in his favor. *See Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016) (holding that favorable termination is required to support malicious prosecution claim). Further, as with Plaintiff's false arrest claim, probable cause is a complete defense to a malicious prosecution claim. *See Boyler v. City of Lackawanna*, --- F. App'x ---, ---, 2019 WL 1168524, at *2 (2d Cir. Mar. 13, 2019) (stating that probable cause is a complete defense to malicious prosecution claims under section 1983); *Mitchell*, 841 F.3d at 79 (same).

In addition, to the extent Plaintiff alleges that Defendants violated his constitutional rights by testifying falsely before a grand jury, the allegations fail to state a claim. *See Rehberg v Paulk,* 566 U.S. 356, 369 (2012) (concluding that grand jury witnesses should enjoy the same immunity as trial witnesses under section 1983); *Coggins v. Buonora*, 776 F.3d 108, 112–13 (2d Cir. 2015) (stating that if the plaintiff's "claim requires the grand jury testimony, the defendant

11

enjoys absolute immunity under *Rehberg*"); *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (recognizing that *Rehberg* applies to provide absolute immunity to grand jury witnesses in section 1983 actions); *Peterson v. Regina*, 935 F. Supp. 2d 628, 643 (S.D.N.Y. 2013) (holding that a malicious prosecution claim based exclusively on the allegation that the defendants lied before the grand jury would fail due to absolute immunity).

### 3. Civil conspiracy

In support of his civil conspiracy claim, Plaintiff alleges that Defendants provided false testimony during grand jury proceedings, thereby depriving him of his liberty. (Compl. 10–11.)

To state a claim for conspiracy under section 1983, a "plaintiff must plausibly allege (1) an agreement between a state actor and a private party (2) to act in concert to inflict unconstitutional injury, and (3) an overt act furthering that goal and causing damages." *See Corsini*, 731 F. App'x at 19 (citing *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002)).

To state a claim for conspiracy to interfere with civil rights under section 1985, a plaintiff must allege (1) a conspiracy, (2) with the intent or purpose to deprive a person of equal protection of the law, (3) an act in furtherance of the conspiracy, (4) which results in an injury to a person, or a person's property, or the deprivation of a federal constitutional right. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (citing *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993)). "In order to maintain an action under [s]ection 1985, a plaintiff 'must provide some factual basis supporting a meeting of the minds, such that [the] defendants entered into an agreement, express or tacit, to achieve the unlawful end.'" *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) (citation omitted). In addition, a plaintiff must allege that he is a member of a protected class and that the conspirators acted with class-based

discriminatory motivation. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Britt v. Garcia*, 457 F.3d 264, 270 n.4 (2d Cir. 2006); *Ali v. Connick*, 136 F. Supp. 3d 270, 277 (E.D.N.Y. 2015).

Plaintiff alleges a conspiracy among Defendants to have him arrested based on false information. (Compl. ¶ 369.) However, Plaintiff has not alleged any facts to support a meeting of the minds, and the existing allegations are insufficient to support a claim sounding in conspiracy under section 1983. *See Corsini*, 731 F. App'x at 18 (affirming dismissal of plaintiff's section 1983 conspiracy claim because the plaintiff made only threadbare recitals of the elements of the claim); *Bukowski v. Spinner*, 709 F. App'x 87, 89 (2d Cir. 2018) (dismissing the plaintiff's section 1983 conspiracy claim because "oblique reference to those private actors conspiring with [the defendant] to deprive her of her child is fatally conclusory or otherwise unsupported"); *Arredondo v. Cty. of Nassau*, No. 11-CV-710, 2012 WL 910077, at *6 (E.D.N.Y. Mar. 16, 2012) (dismissing complaint where the plaintiff had only made general allegations that the defendants had an understanding without any facts to support the claim).

In addition, as to any section 1985 conspiracy claim, Plaintiff has not plausibly alleged that Defendants acted with discriminatory motivation, as is required under section 1985. *See Mian*, 7 F.3d at 1087 ("Furthermore, the conspiracy must also be motivated 'by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" (quoting *United Bhd. Of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 828–29 (1983))).

Accordingly, Plaintiff's civil RICO claim, as well as his section 1983 claims for false arrest/imprisonment, malicious prosecution, and civil conspiracy claims under sections 1983 and 1985 are "patently without merit" and do not invoke the Court's subject matter jurisdiction.

### d. Plaintiff's claims for tortious interference with a business relationship and fraud

Because the Court lacks subject matter jurisdiction over Plaintiff's federal claims and Plaintiff fails to allege complete diversity to invoke the Court's diversity jurisdiction, the Court has no original jurisdiction in this case and, therefore, cannot exercise supplemental jurisdiction over Plaintiff's state law claims. *See Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017) ("[A] district court cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction." (internal citation omitted)). Accordingly, the Court dismisses Plaintiff's claims for tortious interference with a business relationship and fraud without prejudice.

### e. Leave to amend

The Court grants Plaintiff thirty (30) days from the date of this Memorandum and Order to file an amended complaint. If Plaintiff decides to amend the Complaint, he must plead non-frivolous allegations that would invoke the Court's subject matter jurisdiction. Plaintiff may include his state law tortious interference with a business relationship and fraud claims in any amended complaint.

## III. Conclusion

For the foregoing reasons, the Court dismisses the Complaint.[4] Plaintiff's motion for an extension of time to serve Defendants Albert and Ella Abney and his motion for a default

---

[4] The Court notes that Plaintiff is currently serving a sentence for the crimes which form the underlying basis for the instant action. He may not now seek to attack the underlying criminal action by filing a meritless civil suit designed primarily to annoy and harass Defendants. *See Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (noting that a plaintiff may not "abuse the process of the Courts to harass and annoy others with meritless, frivolous . . . proceedings.").

judgment are denied.[5]

No additional summonses shall issue at this time, and all further proceedings shall be stayed for thirty days. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: March 21, 2019
       Brooklyn, New York

                                  SO ORDERED:

                                    s/ MKB
                                MARGO K. BRODIE
                                United States District Judge

---

[5] Plaintiff filed a Notice of Motion for Default Judgment on November 30, 2018. (Notice of Mot. for Default J., Docket Entry No. 27.) However, the Clerk of Court has not entered any certificates of default in this action.